**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEFFREY GOLEMBEWSKI,** : | |
| **ET AL.,** : | |
| Plaintiff : | |
| : | **CIVIL ACTION NO. 3:16-2335** |
| v. : | |
| : | **(JUDGE MANNION)** |
| **STANISLAW RUSEK, ET AL.,** : | |
| Defendant : | |

**MEMORANDUM**

Presently before the court is a motion to remand filed by plaintiffs Jeffrey Golembewski and Dorothea Golembewski on December 19, 2016, (Doc. 3), and a motion for extension of time filed by defendants Stanislaw Rusek, Antoni J. Szot and A&A Express, LLC on December 28, 2016, (Doc. 5). The parties dispute whether the court must grant the motion to remand because the defendants failed to file their notice and petition for removal with the appropriate court within thirty (30) days of service of the complaint. For the reasons discussed below, the court will **DENY** the plaintiffs' motion for remand and **GRANT** the defendants' motion for extension of time.

**I.   BACKGROUND**

On July 29, 2016, the plaintiffs filed a complaint in the Court of Common Pleas of Luzerne County, Pennsylvania. (Doc. 5, Ex. A). The complaint

presents four (4) counts against the defendants arising from injuries suffered by Jeffrey Golembewski in a motor vehicle accident on October 15, 2014. *Id.* Defendant Stanislaw Rusek was served with the complaint on August 30, 2016. (Doc. 3, Ex. A).

On September 9, 2016, the defendants filed a notice and petition for removal in the Court of Common Pleas of Luzerne County. (Doc. 5, Ex. B). That same day, the defendants served a copy of the same on the plaintiffs' counsel. (Doc. 5, ¶5). The defendants intended to file the notice and petition for removal in the District Court for the Middle District of Pennsylvania, but a Luzerne County caption rather than a Middle District caption was mistakenly used on the certificate of service. (Doc. 5, ¶3).

On November 21, 2016, the defendants discovered the error and "immediately" filed a "nearly identical" notice and petition for removal in the District Court for the Middle District of Pennsylvania. (Doc. 5, p. 2).

On December 19, 2016, the plaintiffs filed a motion for remand based upon the defendants' untimely filing of the notice and petition for removal.

On December 28, 2016, the defendants filed a motion *nunc pro tunc* to extend the time to file their notice and petition for removal.

II.   **LEGAL STANDARD**

"The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy

2

of the initial pleading..." 28 U.S.C. §1446(b). The federal court may remand the case to state court if there is any defect other than the lack of subject matter jurisdiction, such as the failure to file notice to remove within thirty (30) days of receipt of the initial pleading. 28 U.S.C. §1447(c).

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "The determination of what sorts of neglect will be considered 'excusable' is an equitable one, taking account of all relevant circumstances." Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 381, 395 (1993) (holding that "an attorney's inadvertent failure to file a proof of claim by the bar date can constitute 'excusable neglect' within the meaning of [Bankruptcy] Rule 9006(b)(1).").

The Third Circuit held that a court must, at minimum, balance the following five factors when considering whether an act or omission by a party or party's counsel qualifies as "excusable neglect": (1) "whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure" (citing Campbell v. Bowlin, 724 F.2d 484 (5th Cir. 1984)); (2) "whether the asserted inadvertence reflects as easily manufactured excuse incapable of verification by the court" (citing Airline Pilots v. Executive Airlines, Inc., 569 F.2d 1172 (1st Cir. 1978)); (3) "whether the tardiness results from counsel's failure to provide for a readily foreseeable

3

consequence" (citing United States v. Commonwealth of Virginia, 508 F.Supp. 187 (E.D.Va. 1981)); (4) "whether the inadvertence reflects a complete lack of diligence" (citing Reinsurance Co. of Am., Inc. v. Administratia, 808 F.2d 1249 (7th Cir. 1987)); (5) "whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance." Consolidated Freightways Corp. of Del. v. Larson, 827 F.2d 916, 919 (1987).

### III.   DISCUSSION

The plaintiffs contend the matter should be remanded to the Luzerne County Court of Common Pleas because the defendants failed to file a timely notice and petition for removal. (Doc. 4, p. 2). The plaintiffs essentially interpret 28 U.S.C. §1446(b) as a *per se* rule, requiring remand whenever a party fails to file their notice of removal within thirty (30) days. (Doc. 4, p. 3). Therefore, the case must be remanded because the defendants' counsel failed to file notice with the District Court for the Middle District of Pennsylvania within this time period.

The defendants do not dispute they indeed failed to deliver the notice to the Middle District Court within thirty (30) days. Rather, they contend that "due to a clerical error, the Luzerne County caption was used on the certificate of service, although the Middle District caption was used on the Notice and Petition for Removal." (Doc. 5, ¶3). This mistake, they argue,

constitutes "excusable neglect" under the Consolidated Freightways case. 827 F.2d 916 (3d. Cir. 1987). The court agrees.

As an initial matter, the plaintiffs are correct that failure to file notice of removal within thirty (30) days is a sufficient ground for remand, but this does not mean remand is *required* in such circumstances. Indeed, the court in Consolidated Freightways rejected such a *per se* rule in determining "excusable neglect" and instead adopted a case-by-case analysis. *Id.* at 919. To interpret 28 U.S.C. §1446(b) as a *per se* rule is to ignore Federal Rule of Civil Procedure 6(b)(1)(B) as well as the surrounding case law on "excusable neglect".

In Consolidated Freightways, the Third Circuit Court considered the breadth of the concept of "excusable neglect." *Id*. In finding that "excusable neglect" encompassed more than simply acts or omissions beyond the control of counsel, the court quoted a dissenting opinion from The Ninth Circuit:

> "[t]his example evidences the drafters' intent that de minimis instances of neglect, such as the misaddressing of an envelope, be excused. To hold that mailing a notice of appeal to the [wrong] court is inexcusable although the rules explicitly require an opposite result if notice is mistakenly sent to the court of appeals defies explanation." State of Oregon v. Champion Int. Corp., 680 F.2d 1300 (9th Cir. 1982).

The same reasoning applies here. Accordingly, the court must apply the five factors listed above as prescribed by the Third Circuit Court. First, the defendants' counsel was not professionally incompetent or ignorant of the rules of procedure as they did in fact file their notice and petition for removal

5

within the required thirty (30) days on September 9, 2016. Similar to the late notice of appeal at issue in Consolidated Freight, the defendants' counsel mistakenly filed the notice with the wrong court. This oversight, attributable to an incorrect caption, does not amount to professional incompetence. Second, the timely filing of the notice in state court clearly demonstrates that this was not an attempt to create an "easily manufactured excuse." Third, though this type of error is avoidable by careful proofreading, such an error is not readily foreseeable, particularly where the notice and petition each included the correct Middle District caption. As the Third Circuit Court stated: "the court recognizes that even the most diligent practitioners are susceptible to such human error . . . [and] . . . such error can escape undetected even in the most carefully run offices[.]" *Id.* at 920. Fourth, for these same reasons this oversight does not "reflect[] a complete lack of diligence." *Id.* at 919. Fifth, it is clear the defendants' counsel acted in good faith; counsel would have been in compliance with the filing deadline but for a clerical oversight, and upon discovery of the oversight counsel immediately corrected the mistake by filing the notice with the appropriate court.

**IV.   CONCLUSION**

For the foregoing reasons, the court finds the defendants' counsel's conduct constitutes "excusable neglect." Therefore, the plaintiffs' motion to

remand is **DENIED** and the defendants' motion for extension of time is **GRANTED**.

                                                 s/ *Malachy E. Mannion*
                                     **MALACHY E. MANNION**
                                     **United States District Judge**

**Dated: March 22, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2335-01.wpd